WILLIAM H. KENNAGH, Appellant, *v.* ELIZABETH McCOLGAN, as Executrix, etc., Respondent.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Trial. Jury.*—An action is triable by a jury, where a judgment for a sum of money only is demanded in the complaint, unless a jury is waived, or a reference ordered.

2. *Same.*—Accordingly, an action by a legatee against an executor for an alleged unpaid balance of a legacy, where the defenses set up are that the said balance was paid out as a legacy tax, and that the question of defendant's liability is *res adjudicata*, by reason of the proceedings before the surrogate, is triable by a jury, and the defendant has a right to insist upon a trial before such a tribunal.

Appeal from an order striking this action from the special term calendar, and directing that it be tried at circuit before a jury.

*E. W. Brennan*, for appellant.

*W. J. Lardnar*, for respondent.

VAN BRUNT, P. J.—The complaint in this action alleges that the plaintiff is a legatee under the will of one John McColgan, late of the city of New York, which was duly admitted to probate, and letters testamentary issued thereon to the defendant; that the sum of $750 balance of said legacy still remains due and unpaid, although payment thereof has been demanded and refused, and the plaintiff demands judgment for the sum of $750 with interest. The answer admits that the plaintiff was a legatee under the said will, and that said will was duly admitted to probate, and that letters testamentary were issued to her as sole executrix under the will; and it denies that the sum of $750, or any other sum, is due to the plaintiff as a balance of said legacy.

And for a further and separate defense, the answer alleges that pursuant to law she paid the sum of $750 as a collateral inheritance tax upon the legacy to the plaintiff, and the balance of the legacy has been duly paid to the plaintiff. The defendant further alleges that the plaintiff made application to the surrogate for an order that the defendant pay to him the sum of $1,500, the balance of said legacy, and that the defendant appeared and showed that as such executrix she had only the balance of $750 in her hands applicable to said legacy, she having paid the other $750 for the collateral inheritance tax, and that the surrogate adjudged that the defendant pay to the plaintiff the sum of $750, and that the plaintiff's petition in all other respects be dismissed, and that this decree was complied with by the defendant. And the defendant further alleges that the plaintiff in this action is estopped by said decree from bringing this action, and demands that the complaint be dismissed with costs.

It is clear, under section 968 of the Code, that the order directing this case to be tried by a jury, was correct. Among the issues which must be tried by a jury, unless a jury trial is waived, or a reference is ordered, is a case in

which the complaint demands judgment for a sum of money only. In this action no other relief is asked, except a judgment for a sum of money. None of the defenses interposed were in any sense equitable defenses. But they are an allegation of payment, and that the question presented by this action is *res adjudicata* because of the proceedings before the surrogate.

It seems to be clear, under the provisions of the Code, no matter what the law may have been prior to this time, that this action is triable by a jury, and that the defendant had a right to insist upon a trial before such a tribunal.

The order should be affirmed, with ten dollars costs and disbursements.

DANIELS and BRADY, JJ., concur.